[No. 2285.]

## CURRIER ET AL. v. JOHNSON ET AL.

**Costs—Estates of Decedents.**

In an action by beneficiaries under a will against parties who had acted as executors of the will, where the district court sustained a demurrer to the action on the ground that the complaint failed to state a cause of action and also on the ground that the district court had no jurisdiction of the cause, and on error the ruling of the district court was reversed, the court of

appeals holding that the district court had jurisdiction and that the complaint stated a cause of action, the costs of the proceedings in appellate court will not be ordered paid out, of the funds of the estate.

*Error to the District Court of Weld County.*

Mr. H. N. HAYNES, for defendants in error, Bruce F. Johnson and Charles H. Wheeler.

Mr. RALPH ESTEB and Mr. JOHN R. WOLFF, for defendant in error, Horace G. Clark.

*Per Curiam.*—This is a motion by Johnson, Wheeler and Clark, three of defendants in error in *Currier et al. v. Johnson et al., ante,* p. 94, for an order directing defendants in error, Mayher and Tuckerman as acting executors, and acting testamentary trustees, under the will of Warren Currier, deceased, to pay the costs of this proceeding on error out of the income fund of said estate; and, in the event this cannot be done, then for an order directing in what proportion the several defendants in error shall pay said costs.

If we have the power to make an order directing the payment of these costs out of the income fund of the estate, we have not sufficient information as to the merits of the action upon which to exercise such discretion. The district court held that the amended complaint failed to state a cause of action against either Johnson, Wheeler or Clark, and that it was without jurisdiction of the action. The case came here on error, and we held that the complaint stated a cause of action against each of said parties, and that the court had jurisdiction. The complaint stated a cause of action against each of said parties for breach of their duties as testamentary trustees. So far as we are advised by the record, these allegations may be true; if so, we ought not to compel the

estate, had we the power, to pay the costs incurred in maintaining such cause of action against the defendants. We have no information which would justify us in ordering the costs of this proceeding on error to be taxed against the estate. We likewise have no information upon which we could intelligently act in apportioning the costs among the several defendants in error.

The motion to apportion the costs denied.

*Denied.*